UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TINA R. SEALS,

                      Plaintiff,

       -against-

SDNY,

                      Defendant.

15-CV-5866 (LAP)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

LORETTA A. PRESKA, Chief United States District Judge:

On October 1, 2014, this Court barred Plaintiff from filing any new action *in forma pauperis* (IFP) without first obtaining from the Court leave to file. *See Seals v. McClurkin*, No. 14-CV-6080 (LAP) (S.D.N.Y. Oct. 1, 2014). On July 23, 2015, Plaintiff filed this *pro se* complaint, alleging that the U.S. District Court for the Southern District of New York ("SDNY") denied her due process in the adjudication of her case *Seals v. The State of Iowa*, No. 15-CV-4317 (LAP). Plaintiff seeks IFP status and moves for leave to file this action. For the reasons set forth below, the Court denies Plaintiff's motion for leave to file this IFP action.

## DISCUSSION

On May 27, 2015, Plaintiff filed an IFP action against Defendants Story County, Iowa; Des Moines, Iowa; and the State of Iowa, alleging that she was unlawfully detained for nine days in May 2015. *Seals v. The State of Iowa*, No. 15-CV-4317 (LAP). (ECF No. 1.) By order dated June 8, 2015, this Court dismissed that action without prejudice for Plaintiff's failure to comply with the October 1, 2014 order requiring her to seek leave to file from the Court before filing a new action IFP. (ECF No. 4.) After that action was dismissed, it came to the Court's attention that Plaintiff had in fact submitted a "Motion for Leave to File Petition" pursuant to the leave-to-file sanction; thus, dismissal on that basis was in error. (ECF No. 3.) Plaintiff thereafter filed this

action, alleging that SDNY violated her due process rights. She seeks leave to file in her earlier action and one million dollars in damages.

When a leave-to-file sanction has been imposed and the plaintiff files a subsequent action, the Court examines the motion to determine whether there is some basis for allowing the action to proceed IFP despite the bar order; simply filing an application requesting "leave to file," without more, does not establish any right on the part of the barred Plaintiff to proceed without paying the fee. In her application, Plaintiff writes, without more: "I move under Federal Rule of Civil Procedure Rule Leave to Proceed w/ Action for leave to proceed ON MATTER SEALS V. SDNY. This motion is support by the COMPLAINT AND IFP." (ECF No. 3.)

Plaintiff's application fails to set forth any basis for concluding that this action is a departure from her prior pattern of frivolous litigation. First, Plaintiff's allegations are insufficient to establish a due process violation. *See Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996) ("[T]here *is no* constitutional violation (and no available § 1983 action) when there is an adequate . . . postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty."). Plaintiff has not taken advantage of the proper procedural mechanism to challenge the order of dismissal by either appealing that decision or filing a motion for reconsideration under Federal Rules of Civil Procedure 60(b).[1] Based on her extensive litigation history, the Court finds that Plaintiff is familiar with the

---

[1] A party may seek relief from a district court's order or judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief." Fed. R. Civ. P. 60(b).

litigation process and is aware of the procedures for seeking reconsideration or appeal. Even if Plaintiff is correct that the Court overlooked her leave to file application, she fails to state a claim for a violation of due process.

Additionally, any claims against SDNY are precluded under the doctrine of sovereign immunity, which bars federal courts from hearing all suits for monetary damages against the federal government, including its agencies and employees acting in their official capacities, except where sovereign immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived.").

Finally, Plaintiff was not ultimately prejudiced by the Court's oversight. On July 23, 2015, Plaintiff filed a new action against The State of Iowa and Story County, Iowa, raising the same claims that she raised in the dismissed action. *See Seals v. The State of Iowa, et al.*, No. 15-CV-5865 (LAP) (granting Plaintiff leave to file and dismissing action under 28 U.S.C. § 1406(a) because it was filed in the wrong venue). Plaintiff's claims have therefore been addressed by the Court.

While the Court regrets the oversight that led to the dismissal of Plaintiff's earlier action, there is no basis to allow her to proceed IFP with this action. The Court therefore denies Plaintiff's motion for leave to file this action IFP and dismisses the action without prejudice pursuant to the October 1, 2014 order barring Plaintiff from proceeding IFP.

**CONCLUSION**

Plaintiff's motion for leave to file this action IFP (ECF No. 3) is denied. Plaintiff's action is dismissed without prejudice pursuant to the October 1, 2014 order barring Plaintiff from proceeding IFP.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  September 10, 2015
        New York, New York

_____
LORETTA A. PRESKA
Chief United States District Judge